By the Court,

Nelson, C. J.
As I am of opinion that the plaintiff cannot maintain the action under any circumstances within the true construction of the statute, no other question raised in the case need be examined.
By the 2 R. S. 412, § 8 and 9, it is provided, that the officer [ *657 ] into whose hands the warrant of distress is placed, shall *not make the distress unless there shall bo delivered with the warrant an affidavit made by the landlord, or, &c., specifying the amount of rent due, and the time for which it accrued; and that within ten days after the *501 goods distrained shall have been sold, or shall have been replevied, the officer shall file in the office of the town clerk, the warrant of distress together with the affidavit, and that any officer violating such provision shall forfeit fifty dollars to the person whose property shall have been distrained. The question presented is, who is the person here intended ?
On the part of the plaintiff in error it is insisted that any person may sue for the penalty whose property has been taken upon the warrant; while the defendant contends that the tenant against whom the distress warrant issued, can alone maintain the action. The latter position I think the soundest, and best comports with the object the legislature had in view, which was to afford the tenant an opportunity to examine the amount of the rent claimed, and the time for which it is alleged to have accrued. He is the person directly interested in the proceeding, and especially in the facts stated in the affidavit, and is presumed to be the most prejudiced by a non-compliance with the statute.
The penalty is given to the person whose property shall have been dis-trained. Now by the previous section of the statute, the legislature had in view the property of the tenant in directing and providing for the remedy by distress; it was his property that was to be distrained, and the distress might be made either upon goods on the demised premises, or after they had been removed; and when in the 9th section the penalty is given to the person whose property is distrained, it appears to me that the legislature still had in contemplation the property of the tenant. This view is strengthened by another consideration. But one penalty can be recovered for the neglect; and it may frequently happen, as has happened in this very case, that the property of the tenant and of third persons may be distrained at the same time. Which shall be entitled to the action ? Clearly, but one can prosecute; and he, I think, is the tenant.
Judgment affirmed.